**Slip Op. 11-158**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **JTEKT CORPORATION and KOYO CORPORATION OF U.S.A.**,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES**,<br><br>Defendant,<br><br>and<br><br>**TIMKEN US CORPORATION**,<br><br>Defendant-Intervenor. | **Before: Timothy C. Stanceu, Judge**<br><br>**Consol. Court No. 08-00324** |

**OPINION AND ORDER**

[Issuing a remand order in compliance with the decision of the U.S. Court of Appeals for the Federal Circuit vacating and remanding, in part, the court's judgment issued in this litigation]

Dated: December 15, 2011

*Neil R. Ellis* and *Jill Caiazzo*, Sidley Austin LLP, of Washington, DC, for plaintiffs JTEKT Corporation and Koyo Corporation of U.S.A.

*Daniel J. Cannistra* and *Alexander H. Schaefer*, Crowell & Moring, LLP, of Washington, DC, for plaintiffs Aisin Seiki Company, Ltd. and Aisin Holdings America, Inc.

*Donald J. Unger*, *Diane A. MacDonald*, and *Joseph W. LaFramboise*, Baker & McKenzie, LLP, of Washington, DC, for plaintiffs American NTN Bearing Manufacturing Corp., NTN Bearing Corporation of America, NTN-Bower Corporation, NTN Corporation, NTN Driveshaft, Inc., and NTN-BCA Corporation.

*L. Misha Preheim*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant United States. With him on the brief were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director. Of counsel on the brief were *Deborah R. King* and *Brian Soiset*,

Office of Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, DC.

*Geert M. De Prest*, *Lane S. Hurewitz*, *Terence P. Stewart*, and *William A. Fennell*, Stewart and Stewart, of Washington, DC, for defendant-intervenor.

Stanceu, Judge: In *JTEKT Corp. v. United States*, 34 CIT __, 717 F. Supp. 2d 1322 (2010) ("*JTEKT I*"), the Court of International Trade affirmed the final determination that the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") issued in the eighteenth administrative reviews of antidumping duty orders on ball bearings and parts thereof from France, Germany, Italy, Japan, and the United Kingdom. *Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Rescission of Reviews in Part*, 73 Fed. Reg. 52,823 (Sept. 11, 2008) ("Final Results"). In *JTEKT Corp. v. United States*, 642 F.3d 1378 (Fed. Cir. 2011) ("*JTEKT II*"), the Court of Appeals for the Federal Circuit ("Court of Appeals") affirmed in part, and vacated and remanded in part, the judgment issued in *JTEKT I*. Before the court is the mandate issued by the Court of Appeals. CAFC Mandate in Appeal # 2010-1516, -1518 (Aug. 5, 2011) ("Mandate"), ECF No. 83. This Opinion and Order is issued in compliance with that mandate.

## I. BACKGROUND

Detailed background on this litigation is provided in *JTEKT I*, 34 CIT __, 717 F. Supp. 2d 1322, 1324-28, and *JTEKT II*, 642 F.3d 1378, 1379-80, and is summarized briefly herein. JTEKT Corporation and Koyo Corporation of U.S.A. (collectively, "JTEKT") brought an action in 2008 pursuant to Section 516A of the Tariff Act of 1930, 19 U.S.C. § 1516a, to contest certain determinations made by the Department in the Final Results. Under *JTEKT Corp. v. United*

*States*, Consolidated Court No. 08-00324, the court consolidated with JTEKT's action other cases contesting the Final Results, which were brought by plaintiffs American NTN Bearing Manufacturing Corp., NTN Bearing Corporation of America, NTN-Bower Corporation, NTN Corporation, NTN Driveshaft, Inc., and NTN-BCA Corporation (collectively, "NTN") and Aisin Seiki Company, Ltd. and Aisin Holdings America, Inc. (collectively, "Aisin"). Order (Feb. 18, 2009), ECF No. 32.

## II. DISCUSSION

*JTEKT I* affirmed the Final Results with respect to all determinations contested in this litigation. *JTEKT I*, 34 CIT __, 717 F. Supp. 2d 1322 at 1340. Specifically, the Court of International Trade denied relief on the claims of NTN and Aisin challenging the Department's application of "zeroing" methodology to non-dumped sales and also denied relief on various claims of JTEKT and NTN that were directed to the Department's applying its revised "model match" methodology, under which the Department identifies the foreign like product with respect to individual models of ball bearings that comprised the subject merchandise. *JTEKT I*, 34 CIT __, 717 F. Supp. 2d 1322 at 1327-40. The remand issued by the Court of Appeals in *JTEKT II* is confined to the Department's use of the zeroing methodology in the Final Results. As defined by the Court of Appeals in *JTEKT II* and in a previous decision, *Dongbu Steel Co. Ltd. v. United States*, 635 F.3d 1363 (Fed. Cir. 2011) ("*Dongbu*"), "zeroing is the practice whereby the values of positive dumping margins are used in calculating the overall margin, but negative dumping margins are included in the sum of margins as zeroes." *JTEKT II*, 642 F.3d. at 1383-85 (citing *Dongbu*, 635 F.3d at 1366).

In *Dongbu*, the Court of Appeals, noting that the Department was no longer using the zeroing methodology in antidumping investigations, stated that "while we have repeatedly upheld Commerce's use of zeroing in administrative reviews, we have never considered the reasonableness of interpreting 19 U.S.C. § 1677(35) in different ways depending on whether the proceeding is an investigation or an administrative review."[1] *Dongbu*, 635 F.3d at 1370. The appellate court concluded that "[i]n the absence of sufficient reasons for interpreting the same statutory provision inconsistently, Commerce's action is arbitrary." *Id.* at 1372-73. In reaching its conclusion, the Court of Appeals reasoned that the government's decision to implement an adverse report of the World Trade Organization regarding zeroing in antidumping investigations "standing alone does not provide sufficient justification for the inconsistent statutory interpretations." *Id.* at 1372. *Dongbu* vacated the judgment of the Court of International Trade with respect to affirmance of the zeroing methodology and remanded for further proceedings "to give Commerce the opportunity to explain its reasoning." *Id.* at 1373. Speculating that Commerce might be unable to justify using opposite interpretations of 19 U.S.C. § 1677(35) in investigations and administrative reviews, the Court of Appeals added that "[i]n such circumstances, Commerce is of course free to choose a single consistent interpretation of the statutory language." *Id*.

---

[1] In section 771(35) of the Tariff Act of 1930, 19 U.S.C. § 1677(35), Congress defined the term "dumping margin" as "the amount by which the normal value exceeds the export price or constructed export price of the subject merchandise" and the term "weighted average dumping margin" as "the percentage determined by dividing the aggregate dumping margins determined for a specific exporter or producer by the aggregate export prices and constructed export prices of such exporter or producer."

In *JTEKT II*, the Court of Appeals, agreeing with an argument that NTN made on appeal, concluded that "*Dongbu* requires us to vacate and remand." *JTEKT II*, 642 F.3d at 1384. Drawing a distinction with *Dongbu*, in which case Commerce did not provide an explanation of its reasoning for its inconsistent statutory interpretations, the court observed that in this case, "Commerce explained its reasoning for continuing to zero in administrative reviews, but not in investigations."[2] *Id.* The Court of Appeals, however, found the Department's explanation unsatisfactory. "While Commerce did point to differences between investigations and administrative reviews, it failed to address the relevant question . . . why these (or other) differences between the two phases make it reasonable to continue zeroing in one phase, but not the other." *Id.* at 1384-85.

The court construes the mandate issued in *JTEKT II* according to principles discussed in the appellate court's opinion and in *Dongbu*, 635 F.3d at 1371-73. Thus, in fulfilling the mandate issued in *JTEKT II*, the court must order a remand so that the Department is presented

---

[2] The explanation the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") provided when it issued the final determination at issue in this case was as follows:

> Antidumping investigations and administrative reviews are different proceedings with different purposes. Specifically, in antidumping investigations, the Act specifies particular types of comparisons. . . . In antidumping investigations, the Department generally uses average-to-average comparisons whereas in administrative reviews the Department generally uses average-to-transaction comparisons.
>
> The purpose of dumping margin calculation also varies significantly between antidumping investigations and reviews. In antidumping investigations, the primary function of the dumping margin is to determine whether an antidumping duty order will be imposed on the subject imports. In administrative reviews, in contrast, the dumping margin is the basis for the assessment of antidumping duties on entries of subject merchandise to the antidumping duty order.

*JTEKT Corp. v. United States*, 642 F.3d 1378, 1384 (Fed. Cir. 2011) ("*JTEKT II*") (quoting Joint Appendix 173-74).

the opportunity to explain why, in the Department's view, it is reasonable to construe 19 U.S.C. § 1677(35) inconsistently with respect to antidumping investigations and with respect to administrative reviews of antidumping duty orders. *See JTEKT II*, 642 F.3d at 1384-85, *Dongbu*, 635 F.3d at 1372-73. To be adequate under the standard established by the Court of Appeals, any such explanation must identify a "basis *in the statute* for reading 19 U.S.C. § 1677(35) differently in administrative reviews than in investigations," *Dongbu*, 635 F.3d at 1372 (emphasis added), and must explain why the differences between antidumping investigations and antidumping administrative reviews "make it *reasonable* to continue zeroing in one phase, but not the other." *JTEKT II*, 642 F.3d at 1385 (emphasis added).

As it did in *Dongbu*, the Court of Appeals in *JTEKT II* vacated the judgment of the Court of International Trade with respect to the affirmance of the Department's decision to apply zeroing in the Final Results. *Id*. at 1385, Mandate. In both *JTEKT II* and *Dongbu*, the Court of Appeals held that the Department's use of zeroing in the respective reviews could not be sustained due to the absence of a satisfactorily explained statutory construction of 19 U.S.C. § 1677(35). As a matter of logical necessity, effectuation of the mandate the Court of Appeals issued in this litigation requires that Commerce be directed to reconsider its original decision to apply zeroing in the Final Results. Upon such reconsideration during the remand proceeding, Commerce is free to modify that decision. *See Dongbu*, 635 F.3d at 1373 (" . . . Commerce is of course free to choose a single consistent interpretation of the statutory language."). Should

Commerce decide upon remand that it will not apply zeroing in the Final Results, it must include in its remand redetermination a recalculation of the margin to be applied to NTN.[3]

## III. CONCLUSION

The court orders a remand in which Commerce must reconsider its decision to apply zeroing in the Final Results. On remand, Commerce must modify that decision and recalculate NTN's margin accordingly, or it must provide an explanation, as discussed in the foregoing, of why it considers it reasonable to construe 19 U.S.C. § 1677(35) inconsistently with respect to antidumping investigations and with respect to administrative reviews of antidumping duty orders.

## ORDER

In response to the decision and mandate issued by the Court of Appeals in *JTEKT Corp. v. United States*, 642 F.3d 1378 (Fed. Cir. 2011), it is hereby

**ORDERED** that Commerce shall issue a redetermination upon remand ("Remand Redetermination") in which it reconsiders the decision it made in *Ball Bearings & Parts Thereof*

---

[3] Commerce determined a margin of 11.96% for NTN Corporation. *Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Rescission of Reviews in Part*, 73 Fed. Reg. 52,823, 52,825 (Sept. 11, 2008) ("Final Results"). Of the plaintiffs in the consolidated action before the Court of International Trade, only American NTN Bearing Manufacturing Corp., NTN Bearing Corporation of America, NTN-Bower Corporation, NTN Corporation, NTN Driveshaft, Inc., and NTN-BCA Corporation (collectively, "NTN") and Aisin Seiki Company, Ltd. and Aisin Holdings America, Inc. (collectively, "Aisin") raised valid claims challenging the Department's use of zeroing in the Final Results. *JTEKT Corp. v. United States*, 34 CIT __, 717 F. Supp. 2d 1322, 1325 n. 1 (2010) ("*JTEKT I*"). Because Aisin did not appeal the judgment the Court of International Trade entered in *JTEKT I*, that judgment is final as to Aisin's claim challenging zeroing. JTEKT Corporation and Koyo Corporation of U.S.A. (collectively, "JTEKT") included in its complaint a claim challenging the Department's use of zeroing, which claim *JTEKT I* held to have been abandoned when JTEKT omitted that claim from its USCIT Rule 56.2 motion for judgment on the agency record. *Id.* at __ n. 3, 1326-27 n. 3. The holding that JTEKT had abandoned its zeroing claim was not reversed upon appeal by *JTEKT II*.

*From France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Rescission of Reviews in Part,* 73 Fed. Reg. 52,823 (Sept. 11, 2008) ("Final Results") to follow its zeroing procedure; it is further

**ORDERED** that, on remand, Commerce either must modify that decision or must explain how the language of 19 U.S.C. § 1677(35) permissibly may be construed in one way with respect to the use of the zeroing methodology in antidumping investigations and the opposite way with respect to the use of that methodology in antidumping administrative reviews; it is further

**ORDERED** that Commerce, should it choose to modify its decision on zeroing, is, as discussed in *Dongbu Steel Co. v. United States*, 635 F.3d 1363, 1673 (Fed. Cir. 2011), "of course free to choose a single consistent interpretation of the statutory language," *i.e.* the language of 19 U.S.C. § 1677(35); it is further

**ORDERED** that should Commerce decide not to apply zeroing on remand or decide to otherwise modify its decision, Commerce shall redetermine the margin of NTN as appropriate; it is further

**ORDERED** that Commerce shall file its Remand Redetermination with the court within sixty (60) days from the date of this Opinion and Order; and it is further

**ORDERED** that defendant and defendant-intervenor shall have thirty (30) days from the date on which that redetermination is filed with the court to file comments thereon.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: December 15, 2011
New York, New York